# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**ROBERT L. ROAM, ADC #69777**                            **PETITIONER**

VS.                 **NO. 5:08-CV-00344-JLH-BD**

**LARRY NORRIS, Director,**
Arkansas Department of Correction                          **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to Chief United States District J. Leon Holmes. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

       Clerk, United States District Court
       Eastern District of Arkansas
       600 West Capitol Avenue, Suite A149
       Little Rock, AR 72201-3325

## II. Background:

On May 12, 2008, Petitioner Robert L. Roam pled guilty in Sebastian County Circuit Court to two counts of delivery of methamphetamine, possession of drug paraphernalia, and possession of methamphetamine with intent to deliver. (Docket entry #5-2) Petitioner was sentenced to 300 months' imprisonment with 180 months suspended for the delivery of methamphetamine and possession with intent to deliver convictions and 120 months' imprisonment for possession of drug paraphernalia. The trial court entered the Judgment and Commitment order on May 16, 2008. (#5-2)

On May 28, 2008, Petitioner filed a motion to withdraw his guilty plea with the trial court under Arkansas Rule of Criminal Procedure 26.1. (#5-3) On June 12, 2008, the trial court entered an order denying the motion as untimely.

Petitioner filed a timely notice of appeal with the Arkansas Supreme Court seeking review of the trial court's order denying his motion to withdraw his guilty plea. On September 2, 2008, the trial court granted Petitioner an extension of time until November 3, 2008, in which to lodge the record for his appeal. Petitioner, however, never lodged the record with the Arkansas Supreme Court in order to perfect his appeal.

On November 10, 2008, Petitioner tendered a "Motion for Belated Appeal of Motion to Withdraw Guilty Plea" to the Arkansas Supreme Court. (#12-2) In the Motion, Petitioner alleged that he could not lodge the record because the trial court denied him a copy of his trial record at the public's expense. The Arkansas Supreme

Court did not file the motion but sent a letter to the Petitioner advising him that the motion could not be filed until he provided a certified copy of the original judgment, the motion to withdraw, the order denying the motion, and the notice of appeal. (#12-3) There is no evidence in the record that Petitioner ever provided the Arkansas Supreme Court with the documents necessary to file his motion.

Following entry of the Judgment, Petitioner did not seek post-conviction relief with the trial court under Arkansas Rule of Criminal Procedure 37. (#5-7)

Petitioner filed this § 2254 petition for writ of habeas corpus claiming: (1) his conviction was obtained by a plea of guilty that was unlawfully induced and not made voluntarily; (2) his conviction was obtained by the unconstitutional failure of the prosecutor to disclose evidence favorable to his defense; (3) ineffective assistance of counsel; and (4) he was denied his right of appeal when the trial court and its clerk denied him free copies of his trial transcript.

In response to the petition (#5), Respondent argues that Petitioner's first three claims are procedurally barred and that Petitioner's fourth claim does not allege a violation of the Constitution, laws or treaties of the United States, as required by 28 U.S.C. § 2254. Petitioner replied to the response claiming that his attorney caused his default by failing to advise him to file a state post-conviction petition, and the Sebastian County Circuit Court and its Clerk caused his default by denying him a free copy of the

trial transcript so that he could perfect his appeal. (#11) For the reasons set forth below, the Court recommends that the District Court dismiss the petition with prejudice.

## III. **Procedural Default:**

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); see also 28 U.S.C. § 2254(b) and (c). "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006) and *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)).

Claims raised in a federal habeas petition that were not presented in state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454, 1474 (1991).

4

In this case, Petitioner pled guilty to the charges that led to his sentence. Accordingly, he could not file a direct appeal of his conviction. See ARK. R. APP. P. CRIM. 1(a). Petitioner did file a motion to withdraw his guilty plea. The trial court, however, denied the motion as untimely, and Petitioner failed to perfect an appeal of the trial court's order. Additionally, Petitioner never attempted to bring a Rule 37 petition before the trial court. Consequently, Petitioner's claims are procedurally defaulted unless he can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

A. *Cause and Prejudice*

In his reply to respondent's procedural default argument, Plaintiff claims his default was caused by his attorney and by the trial court's refusal to provide him with a free copy of his trial transcript so that he could perfect his appeal. Neither of these circumstances, however, constitutes cause.

Cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). In proceedings in which the Sixth Amendment requires legal representation, ineffective assistance of counsel can be cause for a procedural default. *Murray*, 477 U.S. at 488. A defendant is not, however,

constitutionally entitled to effective assistance of counsel in state post-conviction proceedings. See *Coleman*, 501 U.S. at 752. Consequently, any post-conviction advice Petitioner received from his attorney cannot constitute cause for a procedural default. See *Armstrong v. Iowa*, 418 F.3d 924, 927 (8th Cir. 2005) (citing *Nolan v. Armantrout*, 973 F.2d 615, 617 (8th Cir. 1992)).

Further, a claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (quoting *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003)). In this case, Petitioner did not file a Rule 37 petition with the trial court alleging ineffective assistance of counsel. Accordingly, ineffective assistance of counsel cannot be cause for Petitioner's procedural default.

Petitioner claims that the trial court and its clerk prevented him from complying with the State's procedural rules because, even though he was proceeding *in forma pauperis,* the state trial court denied his request for a free transcript of the proceedings so that he could perfect his appeal. The Eighth Circuit Court of Appeals has held that a state can constitutionally deny an indigent prisoner a free trial transcript unless the petitioner can show that the issues on appeal are not frivolous and that the transcript is required to decide the issues. See *Smith v. Lockhart*, 882 F.2d 331 (8th Cir. 1989); *United States v. Lewis*, 605 F.2d 379, 380 (8th Cir. 1979).

In this case, Petitioner has not demonstrated that he made such a showing to the trial court. (#12-4) Thus, the trial court's failure to provide a free transcript and the Arkansas Supreme Court's refusal to file his motion to file a belated appeal without a partial record is not "interference by officials" sufficient to constitute "cause" for Petitioner's procedural default. See *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995) (pro se status and refusal of the state court to give him a copy of the transcript without a showing that issues on appeal were non-frivolous and transcript was required to decide the issue did not constitute cause for default).

Because Petitioner has not established cause for his default, the Court will not address prejudice.

B. *Miscarriage of Justice*

Petitioner also may overcome procedural default by showing that failure to hear his petition would result in a miscarriage of justice. To establish a miscarriage of justice, a petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Cagel v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851 (1995)). Petitioner has not come forward with any new evidence of actual innocence in order to overcome the procedural default. Thus, his petition should be denied.

**IV. Conclusion:**

The Court recommends that the District Court dismiss with prejudice Petitioner's petition for writ of habeas corpus (#1) and deny Petitioner's renewed request for production of documents and motion for appointment of counsel (#13) as moot.

DATED this 5th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE